HUNTER PARKER LLC
Andrew J. Van Ness, Esq.
Nevada Bar No. 9709
1428 S Jones Blvd, #1A
Las Vegas, NV 89103
(702) 686-9297
hunterparkerllc@gmail.com
Attorneys for Secured Creditor

**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>OVIDIU REMUS ENE,<br><br>               Debtor, | Case No.: 17-14384-MKN<br><br>Chapter 11<br><br>Hearing Date: September 27, 2017<br>Hearing Time: 2:30 PM |

**OBJECTION TO MOTION FOR EXTENSION OF TIME**
**TO FILE CHAPTER 13 PLAN & CHAPTER 13 SCHEDULES**

SECURED CREDITOR, CATALIN & ANCA POPESCU, by and through their attorney Andrew J. Van Ness, Esq. of Hunter Parker LLC in the above entitled action files this Objection to ECF No. 11.

Secured Creditor requests that the Court take judicial notice of the pleadings and documents filed in this bankruptcy case pursuant to Federal Rule of Bankruptcy Procedure 9017 and Federal Rule of Evidence 201. To the extent that this Objection contains factual assertions predicated upon statements made by the Debtor, the Creditor submits that such factual assertions are supported by admissible evidence in the form of admissions of a party opponent under Federal Rule of Bankruptcy Procedure 9017 and Federal Rule of Evidence 801(d)(2).

The Objection is supported by the following memorandum of points and authorities and in support hereof, the pleadings and papers on file in this case, and arguments of counsel the Court may entertain at the hearing on the Objection.

Nothing Contained in this Objection shall be deemed as an admission by the Secured Creditor of liability, and the Secured Creditor does not waive any rights against any party. The Secured Creditor reserves all of its rights against the parties discussed herein'; including, but not limited to, the right to bring further and separate objections now or hereafter asserted and the right to bring actions or seek recovery on any grounds.

## MEMORANDUM OF POINTS AND AUTHORITIES

1. Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code on August 10, 2017.

2. Popescu's hold numerous claims against the Debtor, including claims for fraud, affinity fraud, elder abuse, etc., wherein he bilked over $800,000 out of them. An adversary proceeding is currently being prepared and a complaint to the District Attorney and US Attorney is being put together. See 18 U.S.C. s 3332. Moreover, the Popescu's unsecured claims exceed the Debtor's statutory limit to be in a chapter 13, and this case most likely will need to be converted to a chapter 7 or chapter 11.

3. The Popescu's also have a 2nd Deed of Trust, against the Debtor's primary residence for $200,000.00 located at 5840 Red Rock Street. However, this deed of trust appears to be under-secured. Additionally, this property of the Debtor appears to have been fraudulently transferred to a Family Trust within a 45 days before the Debtor's filing of the instant case. See **Exhibit A**.

4. On or about September 8, 2017, the Debtor directed a payment to Mira Ene, his wife of over $5,000.00 that should have gone to the Chapter 13 Trustee from Quality Homes, Inc. The Debtor has some sort of rental agreement with the owner of 1580 Red Rock Street, Las Vegas, NV 89146. In this case, Quality Homes, Inc. pays rent to the Debtor under some sort of sub-lease agreement. Because the Debtor is in Bankruptcy he directed the lessee to pay the rent to his wife instead of him.

5. Popescu's sold and transferred their interest in a company the Debtor owns in Panama City, Panama, which owns a property in Panama on June 1, 2016. The Company is Ameropan Corporation, SA. See attached **Exhibit B**.

6. On information and belief the Debtor directed a payment to Mira Ene, his wife of over $5,000.00 that should have gone to the Trustee from Quality Homes, Inc. The Debtor has some sort of rental agreement with the owner of 1580 Red Rock Street, Las Vegas, NV 89146. In this case, Quality Homes, Inc. pays rent to the Debtor under some sort of sub-lease agreement. Because the Debtor is in Bankruptcy he directed the lessee to pay the rent to his wife instead of him. Already, the Debtor here is not being forthcoming about income that should be preserved for creditors'. And directing assets of the estate away from creditors'.

7. Additionally, what appears from the Internal Revenue Service's Proof of Claim 1-1 filed on August 30, 2017, Claim 2-1, the Debtor has not filed any returns since 2015. The Debtor has $60,640.33 in secured claims, which are non-dischargeable. A five year plan would require the Debtor to pay the Service over $1,000 per month. The Debtor will likely owe more once and if he files his returns, assuming he can get them filed timely.

8. Secured Creditor request under 11 U.S.C.§ 521(e)(2)(A)(i) and (ii), which states:

**(2)**

**(A)** The debtor shall provide—

**(i)** not later than 7 days before the date first set for the first meeting of creditors, to the trustee a copy of the Federal income tax return required under applicable law (or at the election of the debtor, a transcript of such return) for the most recent tax year ending immediately before the commencement of the case and for which a Federal income tax return was filed; and

     **(ii)** at the same time the debtor complies with clause (i), a copy of such return (or if elected under clause (i), such transcript) to any creditor that timely requests such copy.

9. Moreover, "If the debtor fails to comply with clause (i) or (ii) of subparagraph (A), the court shall dismiss the case unless the debtor demonstrates that the failure to so comply is due to circumstances beyond the control of the debtor." See 11 U.S.C.§ 521(e)(2)(B).

10. Here, the Debtor has not provided any evidence to this court for "cause" to extend any deadlines. There is no Declaration or Affidavit to Support the cause needed to extend This is not a complex case, there appears to be no real property as part of the Estate. As a Clark County records search shows zero property in the Debtor's name. The Debtor has primarily earned his income in rental property business and its highly suspect that no properties are in the Debtor's name.

11. Additionally, counsel for the Debtor has yet to even file the initial "Compensation Statement of Attorney for the Debtor."

12. **Extensions of time under Rule 1007(c) are not handed out as a matter of course, but only upon a showing of cause**. Rule 1007(c). Bankr. C.D. Cal. Local Rule 1007-1 requires that "[m]otions to extend time to file . . . schedules .. . shall comply with F.R.B.P. 1007 . . . [and] shall be accompanied by evidence supporting the extension of time." It was therefore Tillman's burden to demonstrate that good cause existed for an extension. See *In re Tillman,* BAP No. CC-07-1432-PaMkSn (B.A.P. 9th Cir. 7/17/2008) (B.A.P. 9th Cir., 2008). (emphasis added.)

13. Without any sort of showing for cause, other than naked assertions by Debtor's counsel the Motion should not be granted. There is no evidence before this court, or any affidavit or declaration supporting the Motion by the Debtor.

///

WHEREFORE, Secured Creditor hereby objects to the extension of time to file schedules and statements and request the Motion be denied, and grants such other relief as is just and proper.

Dated: September 19, 2017

Respectfully Submitted,

/s/ Andrew Van Ness
Andrew Van Ness, Esq.
*Attorney for Secured Creditor*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY under penalty of perjury a true and correct copy of the foregoing was sent on September 19, 2017, via the court's CMF/ECF System and U.S. First Class Mail prepaid from Las Vegas, Nevada, to the following:

**ECF:**

**ROGER P. CROTEAU, ESQ**
Email: croteaulaw@croteaulaw.com
Debtor's Attorney

U.S. Trustee - LV - 11
ustpregion17.lv.ecf@usdoj.gov
Trustee

**US MAIL:**

**OVIDIU R. ENE**
5840 RED ROCK STREET
LAS VEGAS, NV 89128

/s/ Chris Craig
Chris Craig, LLM, MBA, CIRA
Law clerk

- 5 -

**EXHIBIT A**

## Rights to Ameropan Corporation, Panama City, Panama

I, Ovidiu Remus Ene, on this day of June 1st, 2016 have purchased all of the shares pertaining to AmeRoPan Corporation, established in Panama City in the Republic of Panama, in exchange for real estate property in the United States of America. The mentioned shares are purchased from Catalin Popescu and Anca Popescu and make up the entirety (100%) of the ownership of AmeRoPan Corporation. I recognize that I am the only owner of AmeRoPan Corporation, established in Panama City in the Republic of Panama, and have full ownership and control over it. I recognize that I have an obligation with Global Bank in Panama for the mortgage regarding AmeRoPan Corporation properties in Panama City and I will comply by myself.

_____
Seller: Catalin Popescu

_____216099655_____
Passport Number Catalin Popescu

_____
Seller: Anca Popescu

_____216099654_____
Passport Number Anca Popescu

_____
Buyer: Ovidiu Remus Ene

_____487872025_____
Passport Number Ovidiu Ene

State of Nevada
County of _CLARK_
Signed and sworn to before me
on _7/5/2016_
by _CATALIN POPESCU, ANCA POPESCU AND OVIDIU REMUS ENE_
_____
Notary Signature



LINDA M. TANHUECO
NOTARY PUBLIC
STATE OF NEVADA
My Commission Expires: 10-20-18
Certificate No: 05-9157413-1

| | |
|---|---|
| 1 | **EXHIBIT B** |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

Inst #: 20170705-0002162
Fees: $18.00 N/C Fee: $0.00
RPTT: $0.00 Ex: #007
07/05/2017 04:49:32 PM
Receipt #: 3132451
Requestor:
FAMILY TRUST
Recorded By: MAYSM    Pgs: 3
DEBBIE CONWAY
CLARK COUNTY RECORDER

APN No.:   163-36-105-011

R.P.T.T:   $0

## Grant, Bargain, Sale Deed

THIS INDENTURE WITNESSETH:

**ORE SEPARATE PROPERTY TRUST**

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged, do hereby Grant, Bargain, Sell and

Convey to: **FAMILY TRUST**

all that real property situated in the County of Clark, State of Nevada, described as follows:
**APN: 163-36-105-011**

**THAT PORTION OF THE NORTHWEST QUARTER (NW1/4) OF THE NORTHWEST QUARTER (NW1/4) OF SECTION 36, TOWNSHIP 21 SOUTH, RANGE 60 EAST M.D.M DESCRIBED AS FOLLOWS:
LOT THREE (3) AS SHOWN IN FILE 72 OF PARCEL MAPS, PAGE 32 RECORDED APRIL 24, 1992 AS DOCUMENT NO.01167 IN BOOK 920424 OF OFICIAL RECORDS, CLARK COUNTY, NEVADA.**

Subject to
1. All general and special taxes for the current fiscal year
2. Covenants, Conditions, Restrictions, Reservations, Rights, Rights of Way and Easements now of record.

Together with all and singular the tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining and any reversions and remainders, rents issue or profits thereof.

_____
By: OVIDIU ENE
Trustee of ORE Separate Property Trust

STATE OF _NV_
COUNTY OF _Clark_
} ss:

This instrument was acknowledged before me on _May 01, 2017_
by
_Ovidiu Ene, Trustee_
_of The Ore Separate Trust_
                    _Fam_

_____
NOTARY PUBLIC

> B. ANDREAS
> Notary Public, State of Nevada
> Appointment No. 04-92290-1
> My Appt. Expires Aug. 22, 2020

                            _Family Trust_
WHEN RECORDED MAIL TO: 5840 Red Rock St Las Vegas NV 89118

MAIL TAX STATEMENTS TO: SAME AS ABOVE

**STATE OF NEVADA**
**DECLARATION OF VALUE FORM**
Assessor Parcel Number(s)
    163-36-105-011 _____
    ___
    ___
    ___

Type of Property:
    a) ☐ Vacant Land    b) ☒ Single Fam. Res
    c) ☐ Condo/Twnhse    d) ☐ 2-4 Plex
    e) ☐ Apt. Bldg    f) ☐ Comm'l/Ind'l
    g) ☐ Agricultural    h) ☐ Mobile Home
    ☐ Other_____

a. Total Value/Sales Price of Property:    $_____
    b. Deed in Lieu of Foreclosure Only (value of property)  (_____)
    c. Transfer Tax Value:    $_____
    d. Real Property Tax Due:    $ZERO_____

If Exemption Claimed:
    Transfer Tax Exemption per NRS 375.090, Section 7_____
    Explain Reason for Exemption: Transfer from to a trust without consideration_____

Partial Interest: Percentage being transferred: 100_____%
    The undersigned declares and acknowledges, under penalty of perjury, pursuant to NRS 375.060 and NRS 375.110, that the information provided is correct to the best of their information and belief, and can be supported by documentation if called upon to substantiate the information provided herein. Furthermore, the parties agree that disallowance of any claimed exemption, or other determination of additional tax due, may result in a penalty of 10% of the tax due plus interest at 1% per month. Pursuant to NRS 375.030, the Buyer and Seller shall be jointly and severally liable for any additional amount owed.

Signature _____    Capacity _____

Signature _(signature)_____    Capacity Grantor _Grantor_____

| **SELLER (GRANTOR) INFORMATION (REQUIRED)** | **BUYER (GRANTEE) INFORMATION (REQUIRED)** |
|---|---|
| Print Name:ORE Separate Property Trust_____ | Print Name:FAMILY TRUST_____ |
| Address:5840 RED ROCK ST_____ | Address: 5840 RED ROCK ST_____ |
| City:LAS VEGAS_____ | City: LAS VEGAS_____ |
| State: NV_____ Zip:89118_____ | State: NV_____ Zip:89118_____ |

**COMPANY/PERSON REQUESTING RECORDING (required if not seller or buy)**
Print NameFAMILY TRUST_____    Escrow #_____
Address 5840 RED ROCK ST_____
City:_____ LAS VEGAS    State: NV_____    Zip:89118_____

    **AS A PUBLIC RECORD THIS FORM MAY BE RECORDED/MICROFILMED**