ROGER P. CROTEAU, ESQ.
Nevada Bar No. 4958
TIMOTHY E. RHODA, ESQ.
Nevada Bar No. 7878
ROGER P. CROTEAU & ASSOCIATES, LTD.
9120 West Post Road, Suite 100
Las Vegas, Nevada 89148
(702) 254-7775
(702) 228-7719 (facsimile)
croteaulaw@croteaulaw.com
*Attorneys for Debtor*
**OVIDIU REMUS ENE**

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

\* \* \* \* \*

| | |
|---|---|
| In re: | Case No.: BK-S-17-14384-MKN |
| OVIDIU REMUS ENE, | Chapter 13 |
| Debtor(s). | **Date: March 28, 2018**<br>**Time: 2:30 PM** |

**OPPOSITION TO CREDITOR FRANK VASSOUT'S MOTION
TO LIFT AUTOMATIC STAY**

COMES NOW, Debtor, OVIDIU REMUS ENE, by and through his attorneys, ROGER P. CROTEAU & ASSOCIATES, LTD., and hereby files this Opposition to Creditor Frank Vassout's Motion to Lift Automatic Stay. This Motion is based upon the papers and pleadings on file herein, the attached Memorandum of Points and Authorities and any oral argument that this Honorable Court may entertain at the hearing of this matter.

DATED this 13th day of March, 2018.

ROGER P. CROTEAU & ASSOCIATES, LTD.

/s/ *Timothy Rhoda*
TIMOTHY E. RHODA, ESQ.
Nevada Bar No. 7878
9120 West Post Road, Suite 100
Las Vegas, Nevada 89148
(702) 254-7775
*Attorneys for Debtor*
**OVIDIU REMUS ENE**

**STATEMENT OF RELEVANT FACTS**

The instant Chapter 13 case was filed on August 10, 2017. On October 26, 2017, the Debtor filed the balance of his schedules, which listed creditor, FRANK VASSOUT ("VASSOUT"), out of an abundance of caution as an unsecured disputed claim on his Schedule F for an unknown amount. This alleged debt arises out of a lawsuit filed by VASSOUT in the Eighth Judicial District Court in Clark County, Nevada, case number A-17-750836-C, against numerous defendants, including Debtor ("lawsuit"). In essence, the lawsuit is a disputed claim over funds that VASSOUT purportedly loaned to a group of individuals who participated in a failed business venture. The extent of Debtor's alleged involvement, if any, in the allegations alleged by VASSOUT within the lawsuit are in dispute. VASSOUT filed his Motion to Lift Automatic Stay [ECF #60], in which VASSOUT alleges fraudulent conduct regarding Debtor's purported actions pre-petition.

**ARGUMENT**

**1.    STATEMENT OF THE LAW**

Along with the discharge in bankruptcy, it is no overstatement to say that the automatic stay is the cornerstone of the Bankruptcy Code. *In re Flores*, 291 B.R. 44, 48 (S.D.N.Y. 2003). The automatic stay is designed to preclude the rush to the courthouse, the piecemeal dismantling of the debtor's estate and the instant destruction of the debtor's economic life or business by individual creditors' actions against the debtor and debtor's property in their own interests. *See In re Colonial Realty Co.*, 980 F.2d 125, 133 (2d Cir. 1992).    The automatic stay is the essential mechanism by which the debtor is afforded protection of his property and time to accomplish the objectives of the Bankruptcy Code for the benefit of both the debtor and all creditors.   *In re Flores,* 291 B.R. at 50-51 (citations omitted).

The automatic stay is designed to offer the debtor repose from his or her creditors' collection efforts.  *In re Bird*, 229 B.R. 90, 94 (Bankr.S.D.N.Y. 1999).   Without the automatic stay, neither reorganization and rehabilitation under Chapters 11, 12 and 13, nor liquidation and orderly and equitable distribution of the debtor's estate under Chapter 7, would be possible.  *Id.* at 51. Citing *Constitution Bank v. Tubbs*, 68 F.3d 685, 691 (3d Cir. 1995) ("The purpose of the

automatic stay is . . . to protect the debtor, by stopping all collection efforts, harassment, and foreclosure actions, thereby giving the debtor a respite from creditors and a chance 'to attempt a repayment or reorganization plan or simply be relieved of the financial pressures that drove him into bankruptcy' . . . and . . . to protect creditors by preventing particular `creditors from acting unilaterally in self-interest to obtain payment from a debtor to the detriment of other creditors'" The only exceptions to the automatic stay are those expressly stated in Section 362(b).

Pursuant to 11 U.S.C. §362(d)(1) a party requesting the lifting of the automatic stay must show "cause." "Cause" is defined neither by the statute nor its legislative history. *In re: Burger Boys, Inc.*, 183 B.R. 682, 688 (D.Ct. N.Y. 1994). If the movant fails to make an initial showing of cause, the court should deny relief without requiring any showing from the debtor that it is entitled to continued protection. *Sonnax Industries, Inc. v. Tri Component Corp.*, 907 F.2d 1280, 1285 (2d Cir. 1990).

In *Sonnax Industries, Inc.*, the Court looked to the case law for guidance as to the definition of "cause" and adopted a series of twelve factors, originally set out in *In re Curtis,* 40 B.R. 795 (Bankr.D.Utah 1984), which were weighed to determine whether to allow a creditor to continue litigation in another forum. *In Re. Burger Boys, Inc.,* 183 B.R. 682, 688 (D.Ct. N.Y. 1994). The *Curtis* factors include: (1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgement claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms. 907 F.2d at 1286. The Court is required to examine only those factors that are relevant to the

1 particular case at hand and need not assign them equal weight. *In Re. Burger Boys, Inc.,* 183
2 B.R. 682, 688 (D.Ct. N.Y. 1994).

3 **2.    GOOD CAUSE DOES NOT EXIST TO IMMEDIATELY LIFT THE**
4 **AUTOMATIC STAY.**

5 In this case, an examination of the *Curtis* factors indicates that the claim should not be
6 immediately continued in the district court. An examination of the pertinent factors follows:

7 (1) Relief would not necessarily result in a complete resolution of the issues. Although
8 the Creditors' Motion argues that granting relief would allow for the determination of the amount
9 of Creditor's claim, VASSOUT has already filed a proof of claim, specifically Claim #10, in the
10 instant matter. Claim #10 specifies an amount and basis for VASSOUT's claim. Also, the
11 Creditor's Motion contains allegations of fraud, and cites to *Tucson Estate*, 912 F.2d at 1169 in
12 support of Creditor's argument to lift the stay and proceed in state court; however, there were no
13 allegations of fraud *In re Tucson Estate*, unlike Creditor's contention in the instant matter. As such,
14 additional proceedings before this Court would have to occur to fully determine the validity of
15 Creditor's claim, if any.

16 (2) The case is not intricately connected with the bankruptcy case. The Creditors'
17 complaint is based upon allegations of fraud, and was not the primary factor in determining
18 whether or not to file for bankruptcy protection.

19 (3) Inapplicable. The Debtor did not act as a fiduciary.

20 (4) Inapplicable. The underlying case is not before a specialized tribunal.

21 (5) Inapplicable. There is no insurance company that has assumed responsibility for
22 defending the claims.

23 (6) According to the complaint attached to VASSOUT's Motion, VASSOUT's claims are
24 primarily against other parties, and Creditor contends that the Debtor "is only a cog in the larger
25 machinery of fraud..." See Creditor's Motion, page 5, line 4.

26 (7) Litigation in the District Court would likely prejudice the interests of other creditors
27 because any costs arising from the defense of such litigation would present a hardship upon the
28 Debtor, and his ability to properly defend himself against these allegations and his financial

commitments required within his Chapter 13 Plan.

(8) Inapplicable. The claims are not subject to equitable subordination.

(9) Success in the other proceeding will likely result in further proceedings in this Court, as the Creditor alleges that the Debtor conspired to commit fraud, and only an adversary proceeding would determine whether or not such allegations would be subject to a discharge.

(10) Inapplicable. Pursuant to 28 U.S.C. §157(b)(5), the case should be tried before the District Court.

(11) The parties are not ready for trial. Upon information and belief, the case before the District Court is not ready for trial. Significant time and effort will be required before the Defendant will be ready to proceed to trial.

(12) The Creditor will not be harmed if the automatic stay remains in place. VASSOUT clearly states in his Motion that the litigation will continue regardless of whether the automatic stay is lifted. See Creditor's Motion, page 5, lines 2-3. The only issue is whether it proceeds as to the Debtor. Should VASSOUT proceed with the litigation in District Court, with the automatic stay remaining in place as he has clearly stated within his instant motion, any judgment obtained will be against any or all of the other defendants listed in that case. At that point, VASSOUT will be able to pursue said judgment against any or all of the other defendants accordingly, without any additional expense incurred, or effort put forth, in an adversary complaint against the Debtor.

Alternatively, the Debtor, along with his creditors, will be harmed by the lifting of the stay. Although this litigation was not the primary factor in determining whether not to file bankruptcy, the expense of continuing this pre-petition litigation will present an undue hardship upon the Debtor, and likely prejudice other creditors should the Debtor divert funds from his Chapter 13 Plan to this litigation.

Further, the §341 Meeting of Creditors has not been concluded, and a Plan has not been confirmed. Pursuant to discussions between Debtor's counsel and the Trustee's office, there are substantial revisions to Debtor's Statements and Schedules that need to be made, as well as further financial documentation required based on the Trustee's requests. As such, additional time is needed with the automatic stay in place for the Debtor to meet the requirements of the

Trustee and the Court.

## CONCLUSION

For the foregoing reasons, Debtor respectfully requests that the Creditors' Motion be denied in its entirety. In the alternative, the Debtor respectfully requests that the automatic stay remain in place for at least ninety days while the Debtor works to meet the requirements of the bankruptcy trustee and bankruptcy court.

DATED this 13th day of March, 2018.

ROGER P. CROTEAU & ASSOCIATES, LTD.

/s/ *Timothy Rhoda*
TIMOTHY E. RHODA, ESQ.
Nevada Bar No. 7878
9120 West Post Road, Suite 100
Las Vegas, Nevada 89148
(702) 254-7775
***Attorneys for Debtor***
**OVIDIU REMUS ENE**

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of March, 2018, I served a copy of the foregoing **OPPOSITION TO CREDITOR FRANK VASSOUT'S MOTION TO LIFT AUTOMATIC STAY**, through the Court's CM/ECF service to the parties listed below:

BRANDON L. PHILLIPS, ESQ.
Brandon L. Phillips, Attorney at Law, PLLC
1455 E. Tropicana Ave. Suite 750
Las Vegas, NV 89119
blp@abetterlegalpractice.com
*Attorney for Creditor Franck Vassout*

/s/ *Jennifer Lee*
Jennifer Lee
An employee of ROGER P. CROTEAU & ASSOCIATES, LTD